UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SALAHUDDIN ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 07-40056-FDS |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER ON PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

Pending before the Court is petitioner Salahuddin Ali's request for a Certificate of Appealability ("COA"). Ali seeks a COA to allow him to appeal this Court's order of July 12, 2007, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). For the reasons stated below, the request for a COA will be denied.

**I.    Background**

On January 3, 1994, a Barnstable County grand jury indicted petitioner on one count of armed robbery while masked. After a jury trial, he was convicted on August 17, 1994. He was sentenced to life imprisonment, such term to begin from and after any sentence that he was then serving. On August 25, 1994, he filed a motion to revise and revoke his sentence, a notice of appeal of his sentence to the Barnstable Superior Court's Appellate Division, and a notice of appeal of his conviction. On July 17, 1995, the Appellate Division affirmed petitioner's sentence and dismissed his appeal.

The Massachusetts Appeals Court affirmed petitioner's conviction on September 26,

1997. He subsequently filed an application for leave to obtain further appellate review with the Massachusetts Supreme Judicial Court on October 16, 1997. His application was denied on November 20, 1997.

On October 8, 1998, petitioner commenced a federal habeas corpus action in this Court challenging his conviction (the "First Habeas Action"). The respondent in that action filed a motion to dismiss on May 13, 1999. The motion was granted and the petition was dismissed on June 15, 1999. Petitioner then filed a motion to amend his habeas petition on July 6, 1999, as well as a motion to alter the judgment on October 5, 1999. The latter was denied on December 7, 1999.

Petitioner next filed a motion for a new trial in the Barnstable Superior Court on February 25, 2000. On that same date, he also filed a motion for an evidentiary hearing, a motion for the appointment of counsel, and a motion for exculpatory discovery. The motion for a new trial was denied on March 16, 2000, and he thereafter filed a notice of appeal of that decision on April 6, 2000.

Petitioner filed an amended motion to revise and revoke his sentence in the Barnstable Superior Court on June 29, 2000. On July 25, 2000, the Superior Court declined to act on that motion. He then filed a notice of appeal of that decision on September 1, 2000.

Another motion for new trial was filed in the Barnstable Superior Court on October 30, 2000, along with additional motions for an evidentiary hearing, for appointment of counsel, and for discovery. The Superior Court denied all of these motions on November 29, 2000. Petitioner filed a notice of appeal of these denials on December 18, 2000.

On November 7, 2001, the Appeals Court affirmed the Superior Court's denial of the

amended motion to revise and revoke the sentence. Then, on April 17, 2002, the Appeals Court affirmed the Superior Court's denial of the February 25, 2000 motion for a new trial. Petitioner filed an application for leave to obtain further appellate review on May 6, 2002, which was denied on June 6, 2002.

Petitioner commenced another federal habeas action in this Court on July 11, 2002 (the "Second Habeas Action"). The respondent therein filed a motion to dismiss on September 26, 2002. On September 12, 2003, the Magistrate Judge to whom the motion had been referred issued a Report and Recommendation in which he recommended that the motion to dismiss be granted.

On September 22, 2003, in connection with the First Habeas Action, petitioner filed a motion for leave to file a motion for reconsideration. It was denied three days later.

On September 29, 2003, the court in the Second Habeas Action adopted the Magistrate Judge's recommendation. An order was entered dismissing the case on the grounds that it was barred by the applicable statute of limitations. Petitioner thereafter sought a Certificate of Appealability on October 10, 2003. His request was denied on January 23, 2004. He filed a notice of appeal from that decision on February 10, 2004, which the First Circuit treated as a request for a Certificate of Appealability. That request was denied on September 14, 2004.

Petitioner filed a third petition for a writ of habeas corpus in this Court on March 8, 2007 (the "Third Habeas Action."). Respondent Steven O'Brien moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

**II.     Analysis**

    **A.     Dismissal of Habeas Petition**

In a Memorandum and Order dated July 12, 2007, this Court granted respondent's motion to dismiss the Third Habeas Action.  As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d).  That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition.  *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court denied petitioner's application for further appellate review on November 20, 1997.  His conviction became final ninety days thereafter, on February 18, 1998, when his opportunity to seek certiorari expired. Accordingly, he was required to file his habeas petition by February 18, 1999.  He did not

commence this action until March 8, 2007, more than nine years after his conviction became final. Although he commenced post-appeal litigation in the state courts during that time, he did not file his motion for a new trial until February 25, 2000. By then, the AEDPA limitations period had already expired. While the limitations period is tolled during the pendency of properly filed post-conviction state court litigation, the AEDPA clock is not reset or restarted when the limitations period has already expired. *Cordle*, 428 F.3d at 48 n.4. Moreover, petitioner did not establish any reason why the limitations period should not apply. *See id.* at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).[1]

In sum, the Court dismissed the Third Habeas Action because Ali failed to file within the time period permitted by the AEDPA, and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

### B.     Request for COA

Ali now seeks a COA allowing him to appeal the dismissal of the Third Habeas Action. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). Ordinarily, the

---

[1] The Court also noted that the applicable limitations period was not tolled by the filing of the First Habeas Action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that initial federal habeas corpus petition did not toll statute of limitations, because it was not an "application for State post-conviction or other collateral review"). Moreover, the filing of the third petition did not relate back to the filing of any of the previous petitions. *See Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001) (concluding that filing of habeas petition could not relate back to filing of prior, dismissed federal habeas petition).

Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge." *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that its dismissal of the Third Habeas Action as time-barred was incorrect or debatable. Accordingly, the request for a COA will be denied.

**III.   Conclusion**

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

                  /s/ F. Dennis Saylor
                  F. Dennis Saylor IV
                  United States District Judge

Dated: August 28, 2007